## SETTLEMENT AGREEMENT

By and through their respective counsel, Defendant Carla Hayden, in her official capacity as Librarian of Congress ("Defendant" or "Agency") and Plaintiff Dongfang Shao ("Plaintiff") (collectively, the "Parties") hereby agree to settle and compromise the civil actions captioned, *Shao v. Hayden*, Civ. A. No. 20-2413 (D.D.C.); *Shao v. Hayden*, Civ. A. No. 21-0576 (D.D.C.); and *Shao v. Hayden*, Civ. A. No. 24-0360 (D.D.C.) (collectively, the "Civil Actions") , under the terms and conditions set forth in this Settlement Agreement (the "Agreement").

1.    <u>Settlement Payment.</u> Defendant shall pay Plaintiff a lump sum of Fifty-five Thousand dollars ($55,000) (the "Settlement Payment"), inclusive of attorney's fees and costs. The Settlement Payment shall be made by an electronic funds transfer to a single account as specified in instructions provided to Defendant's undersigned counsel by Plaintiff's counsel in writing.  Defendant will effectuate the payment promptly after (i) the Effective Date of this Agreement; and (ii) the receipt of such instructions by Defendant's counsel.  Plaintiff and Plaintiff's counsel shall cooperate with Defendant to ensure that all documentation required to process this payment is complete and accurate.  This payment is inclusive of Plaintiff's attorney fees, costs, and other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses.  Plaintiff and Plaintiff's counsel shall be responsible for the distribution of the Settlement Payment among themselves.

2.    <u>Right to Offset.</u> Plaintiff acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and as amended, which is administered through the Treasury Offset Program, requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state (including delinquent child-support obligations enforced by the states).  Accordingly, Plaintiff

acknowledges that the amount to be remitted to Plaintiff under this Agreement may be reduced by the amount of any such delinquent debt that the United States is permitted to collect through that program or any other similar offset or recoupment program or source of law. Plaintiff further acknowledges that details about such offset can only be obtained from the Bureau of Fiscal Service of the U.S. Department of the Treasury.

3.    Performance Rating. As soon as feasible after the Effective Date of this Agreement, Defendant shall amend Plaintiff's Annual Performance Rating of Record for the periods from October 2018 through September 2019, October 2019 through September 2020, October 2020 through September 2021, & October 2022 through September 2023, to reflect a rating of "Outstanding" on all performance elements. These amended Annual Performance Ratings of Record will be substituted for the existing ones in Plaintiff's performance records contained in "USA Performance". Plaintiff's pay will be adjusted to reflect the "Outstanding" rating on Plaintiff's 2023 Annual Performance Rating of Record, with an effective date of January 14, 2024. Plaintiff will not receive a mid-year or Annual Performance Rating of Record for the period from October 2023 through his retirement, dated no later than September 30, 2024.

4.    Retirement. As soon as feasible after the Effective Date of this Agreement, Plaintiff shall submit for retirement with an effective date no later than September 30, 2024. The parties understand and agree that this action will result in, among other things, the issuance of a new SF-50 reflecting Plaintiff's retirement. Plaintiff shall in fact retire no later than September 30, 2024.

5.    Telework. Beginning April 21, 2024 (Pay Period 8), Plaintiff is authorized a regular telework schedule requiring two (2) in-office days per pay period. As soon as feasible after the Effective Date of this Agreement, Plaintiff will submit a regular telework plan in writing detailing which days he requests to be in-office and which days he requests to telework.

6.   <u>Hiring Panels.</u> Until the date of his retirement, Plaintiff may continue to participate on the non-supervisory hiring panels on which he is currently serving: the hiring panels for vacancy numbers VAR 002265; VAR 002262; and VAR 002264. Plaintiff will not participate in supervisory hiring panels, including the hiring panel for vacancy number VAR 002722, the hiring panel for the selection of his successor, hiring panels for any vacant Section Head positions, or hiring panels for any other supervisory positions that become vacant between the Effective Date and the date of Plaintiff's retirement. Plaintiff will also not participate in any panels on which he is not currently serving.

7.   <u>OWBPA Compliance.</u> Plaintiff acknowledges that Plaintiff has been given at least twenty-one calendar days within which to consider this Agreement, and that the release of Plaintiff's rights and claims hereunder is a knowing and voluntary waiver. Plaintiff may revoke Plaintiff's acceptance of this Agreement during the seven-calendar day period following Plaintiff's execution hereof. Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Agreement. Plaintiff is advised to consult with an attorney prior to signing this Agreement. By the signatures below, Plaintiff's counsel represents that: (i) counsel has served as Plaintiff's attorney with respect to this matter; (ii) counsel has examined this Agreement and has discussed its terms with plaintiff; and (iii) counsel believes that the requirements set forth in 29 U.S.C. §§ 626(f)(1)(A) to (G) have been fully satisfied in connection with this Agreement.

8.   <u>Dismissal with Prejudice.</u> On or after the Effective Date of this Agreement, Plaintiff and Plaintiff's counsel agree and consent to Defendant's counsel filing the Stipulation of Dismissal attached hereto bearing Plaintiff's counsel's printed signature (designated "By Permission") and the instant Settlement Agreement with the Court, and such filing shall constitute

- 3 -

a dismissal of the Civil Actions with prejudice pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Agreement.

9.     Release.  This Agreement provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the Civil Actions, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Agency or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of in the Civil Actions.  Plaintiff hereby fully and forever releases and discharges the Agency and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the Effective Date of this Agreement, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect.  In connection with this release, Plaintiff acknowledges that Plaintiff is aware that Plaintiff may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which Plaintiff now knows with respect to the rights and claims released herein.  Nevertheless, Plaintiff agrees, through this Agreement, to settle and release all

- 4 -

such rights and claims; provided, however, that nothing in this Agreement shall affect: (i) any rights or claims that may arise after the Effective Date of this Agreement, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the Effective Date which may affect Plaintiff's future compensation, or (ii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

10.    No Assignment. Plaintiff represents and warrants that Plaintiff is the sole lawful owner of all the rights and claims that Plaintiff has settled and released herein, and that Plaintiff has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

11.    No Admission of Liability. This Agreement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission that Defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against the Agency or the United States or any

of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

12.    <u>Tax Consequences.</u>  Plaintiff acknowledges that Plaintiff has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Agreement or any payments made by or on behalf of Defendant hereunder.  Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Agreement.

13.    <u>Entire Agreement.</u>  This Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

14.    <u>Amendments.</u>  The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

15.    <u>Construction.</u>  The parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

16.    <u>Headings.</u>  The paragraph headings in this Agreement have been inserted for convenience of reference only and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

- 6 -

17.  Severability. The provisions of this Agreement are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire Agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provisions in accordance with the remaining provisions of this Agreement.

18.  Further Assurances. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

19.  Right to Cure. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Agreement, that party shall promptly notify the other party of the alleged breach. The other party shall then have thirty days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Agreement before bringing the dispute to the Court's attention.

20.  Notices. Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered by hand, overnight delivery service capable of providing tracking information, or transmitted by email, addressed as follows or as each party may subsequently specify by written notice to the other:

*If to Plaintiff:*

Dongfang Shao
15463 Arnold Palmer Drive
Haymarket, VA 20169
dfshao@hotmail.com

*with a copy to Plaintiff's counsel:*

Jonathan G. Axelrod
1717 K. St, NW Suite 900
Washington, DC 20006
jaxelrod@beinsaxelrod.com

*If to Defendant:*

Julia O'Brien
Library of Congress
101 Independence Avenue SE
Washington DC 20540
jdou@loc.gov

*with a copy to:*

Joshua Ontell
601 D Street, NW
Washington, DC 20530
Joshua.Ontell@usdoj.gov

- 7 -

21.    Execution. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, electronic signature, or other duplicate of a signature shall have the same effect as a manually executed original.

22.    Governing Law. This Agreement shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

23.    Binding Effect and Effective Date. Upon execution of this Agreement by all Parties hereto, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns. This Agreement is effective seven days following the date of Plaintiff's signature on this Agreement or the date of signature of the last signatory to the Agreement, whichever is later ("Effective Date").

24.    Public Agreement. The Parties understand and agree that this Agreement, including all the terms and conditions of the compromise settlement herein and any additional agreements or undertakings relating thereto, may be made public in it its entirety. Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

25.    Authority to Sign. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

<REMAINDER OF PAGE LEFT BLANK; SIGNATURE PAGES TO FOLLOW>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONGFANG SHAO,

Plaintiff,

v.

CARLA HAYDEN, Librarian of Congress,

Defendant.

Civil Action No. 20-2413 (LLA)
Civil Action No. 21-0576 (LLA)
Civil Action No. 24-0360 (LLA)

## STIPULATION OF DISMISSAL

Pursuant to the parties' Settlement Agreement in this matter attached here as Exhibit 1, the parties to this action hereby stipulate to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Respectfully submitted,

/s/ Jonathan G. Axelrod (by permission)
JONATHAN G. AXELROD
Beins, Axelrod, & Keating, P.C.
1717 K. St, NW Suite 900
Washington, DC 20006
202-365-1610

*Counsel for Plaintiff*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Joshua Ontell
JOSHUA ONTELL
Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
(202) 252-7706
Joshua.Ontell@usdoj.gov

*Attorneys for the United States of America*

FOR DEFENDANT CARLA HAYDEN:

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____        5/21/24

    JOSHUA ONTELL                     Date
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7706

*Attorneys for the United States of America*

FOR PLAINTIFF:


_____   5/21/2024

DONGFANG SHAO              Date

*Plaintiff*

_____   5/21/24

JONATHAN G. AXELROD        Date

*Counsel for Plaintiff*

FOR THE OFFICE OF CONGRESSIONAL
WORKPLACE RIGHTS:

_____   5/30/24

MARTIN J. CRANE            Date
Executive Director, OCWR

- 9 -